**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montavis D Middleton, | No. CV-20-00131-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| Barbara Von Blanckensee, | |
| Respondent. | |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). He issued a Report and Recommendation (R&R) on February 21, 2023. (Doc. 15: R&R). He recommends dismissing the case for lack of jurisdiction and, alternatively, finds the claims lack merit.

STANDARD OF REVIEW

The duties of the district court, when reviewing a Report and Recommendation of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R de novo.

*Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), see also, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

REPORT AND RECOMMENDATION

Pending before the Court is a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). The Petition challenges several findings of guilt by various Discipline Hearing Officers (DHO) from 2016 through 2020 as violating his constitutional rights to due process. Separately, he alleges he has been held in the Special Housing Unit (SHU) for nearly a year, in violation of due process because he did not receive periodic hearings as required by 28 CFR § 541.26 and Program Statement 5270.11.

The Honorable Bruce G. Macdonald, United States Magistrate Judge, considered two issues on appeal: whether the Petitioner failed to exhaust administrative remedies as required before filing the Petition and the merits of the due process claims. "All habeas petitions pursuant to 28 U.S.C. § 2241 are subject to a judicially created exhaustion requirement." (R&R (Doc. 15) at 2 (citing *Reno v. Koray*, 515 U.S. 50, 54-55 (1995); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds; *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983)). Respondent established that the BOP has an available administrative remedy process by which an inmate may appeal any aspect of their confinement, 28 C.F.R. 542.10 *et seq*, which is completed by review from the Regional Director (BP-10), and then with the Office of General Counsel (BP-11). (R&R (Doc. 15) at 3-4.)

The administrative record reflects throughout the entirety of Petitioner's incarceration, he filed a total of eleven administrative remedies with the Bureau of Prisons, with only four concerning findings of guilt by a DHO. The record reflects that he failed to

exhaust any of the incidents that are the subject of the Petition. *Id.* "Similarly, he did not file any administrative remedy at any level alleging that he had been denied the right to attend SRO hearings while in SHU." *Id.* at 4. The Court agrees with the Magistrate Judge that the Petition is subject to dismissal because Petitioner failed to exhaust his available administrative remedies for all his claims.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The Court has discretion to waive the exhaustion requirement where " 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc*., 637 F.2d 685, 688 (9th Cir. 1981)); *see also Acevedo–Carranza v. Ashcroft*, 371 F.3d 539, 542 n.3 (9th Cir. 2004). There is basis here to waive exhaustion.

For the reasons explained in the R&R, the claims fail on the merits (R&R (Doc. 15) at 5-36), and the Court's dismissal is with prejudice.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation). When there are no objections and review has been waived, the Court nevertheless reviews at a minimum, *de novo*, the

Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses the Petition.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 15) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DISMISSED, with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff proceeding here in forma pauperis under 28 U.S.C. § 2241, in the event the Plaintiff files an appeal, the Court finds the appeal is not taken in good faith because an appeal would be frivolous as there is no substantial argument to be made contrary to this Court's determination recorded here. 28 U.S.C. 1915(a)(3) and FRAP 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971).

Dated this 14th day of March, 2023.

Honorable David C. Bury
United States District Judge